Florencia GARCIA DE MONICO, Petitioner,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 04–75106.

United States Court of Appeals, Ninth Circuit.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

Submitted Sept. 24, 2007 **.

Filed Sept. 27, 2007.

Dominic E. Capeci, Esq., Law Offices of Kaiser & Capeci, San Francisco, CA, for Petitioner.

Office of Immigration Litigation, Wayne C. Raabe, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Florencia Garcia De Monico, a native and citizen of Mexico, petitions for review of the Board of Appeals' ("BIA") decision denying her motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

The BIA did not abuse its discretion in denying Garcia De Monico's motion to reopen because although she presented new evidence of a job-related injury, she was unable to demonstrate how this satisfied the hardship requirement for cancellation of removal purposes. *See INS v. Wang,*

450 U.S. 139, 141, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam) (holding that movant must show prima facie eligibility for the underlying substantive relief requested in motion to reopen).

Garcia De Monico's contention that the BIA violated her due process rights by disregarding her evidence of hardship is not supported by the record.

**PETITION FOR REVIEW DENIED.**

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

